# South Side Trust Company *v.* McGrew, Appellant.

*Will—Devisavit vel non—Testamentary capacity—Uudue influence—
Evidence.*

Where testamentary capacity is unimpaired, undue influence cannot be established by anything short of clear, direct and convincing evidence that testator's own mind was controlled and dominated by another.

The testamentary capacity of the testatrix cannot be impeached where the testimony shows that she knew her property, and the amount of her income, that she knew all of her kindred and the objects of her bounty, that she transacted herself most of her important business

matters, and that she had a clear understanding of the testamentary act itself. In such a case the testimony that her mind had become somewhat more inert than it had been through physical illness, and the usual neighborhood gossip and tattle as to incompetency, have no importance.

On the trial of an issue devisavit vel non it appeared from the evidence that the will was written by a justice of the peace known to the testatrix, was taken by him to her, and after some discussion about witnesses (the squire's wife not having come as the testatrix had requested), a friend was summoned and the will executed in their presence. The justice copied the will from a form in the handwriting of the beneficiary who was present in the room when the will was executed and told the testatrix, who was palsied, to take her time and write carefully. The form was explained by showing that it was an exact copy, except as to names, etc., of the will of testatrix's former husband, from whom she had derived her property, and which she kept by her, among her important papers. There was evidence that the beneficiary was of a domineering disposition, controlled the testatrix, interfered with her affairs, and kept other relatives away. On the other hand, it appeared, without contradiction that the beneficiary was a niece of the testatrix, daughter of a favorite sister of the whole blood; that she was invited to live with testatrix, and after her mother's death was intrusted with household duties and took care of her aunt from that time. It also appeared that the testatrix lived for two years and a half after the making of the will, showed it to at least one friend and told why she had made it, and had abundant opportunity to have destroyed or changed it if she had desired. *Held*, that the court committed no error in setting aside a verdict against the will.

Argued Nov. 11, 1907. Appeal, No. 138, Oct. T., 1907, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1905, No. 833, for plaintiffs non obstante veredicto in case of the South Side Trust Company, Executor d. b. n. c. t. a. of the will of Margaretta McClarran, deceased, and the Allegheny Trust Company, Committee of Amy E. Brubaker, a lunatic, v. Josephine K. McGrew, Newton McClarran, Lizzie W. Stoner and A. G. Kimmel. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Issue devisavit vel non. Before MACFARLANE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiffs non obstante veredicto.

*John Marron*, with him *F. C. McGirr*, for appellant.—We recognize the rule as laid down in Herster v. Herster, 122 Pa. 239, and Robinson v. Robinson, 203 Pa. 400, and other cases that where an issue has been granted if after the case has been fully developed the court, in view of the whole evidence, considers it not sufficient to sustain the material facts, it ought to set aside the verdict. Even in such a case, however, all the court could do would be to grant a new trial, not enter judgment for the plaintiffs non obstante veredicto. This is the rule in the case of Butts v. Armor, 164 Pa. 73, which was a contested will case, but in such a case, in reviewing the evidence the court should keep in mind the other well-known rules defining the duties of the court and jury, otherwise a jury trial would be of no use and a mere farce.

The evidence of undue influence was sufficient to sustain the verdict : Boyd v. Boyd, 66 Pa. 283 ; Reel v. Elder, 62 Pa. 308 ; Miller's Est., 179 Pa. 645 ; Robinson v. Robinson, 203 Pa. 400 ; Tawney v. Long, 76 Pa. 106.

*J. M. Shields*, with him *E. B. Scull* and *Charles W. Dahlinger*, for appellees, cited as to the question of undue influence : Eckert v. Flowry, 43 Pa. 46 ; Englert v. Englert, 198 Pa. 326 ; Hook's Est., 207 Pa. 203 ; Masterson v. Berndt, 207 Pa. 284 ; Allison's Est., 210 Pa. 22 ; Masseth. v. Masseth, 213 Pa. 434 ; Mulholland's Est., 217 Pa. 65 ; Cuthbertson's App., 97 Pa. 163 ; Caldwell v. Anderson, 104 Pa. 199 ; Yorke's Est., 185 Pa. 61 ; Logan's Est., 195 Pa. 282 ; Coleman's Est., 185 Pa. 437 ; Friend's Est., 198 Pa. 363 ; Hook's Est., 207 Pa. 203.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 6, 1908 :

The learned judge below was of opinion that there was " no satisfactory evidence that the testatrix's mind was impaired to any great extent. . . . There was no issue as to testamentary capacity, and the weight of the contestant's own testimony is that the testatrix had complete testamentary capacity, and when considered with the indisputable facts shown on the other side as to actual business transactions and the testimony of entirely disinterested persons whose credibility cannot be attacked, the only fair conclusion is that there was full testamentary capacity. That is to say, the testatrix not only

knew her property and the amount of her income, knew all of her kindred and the objects of her bounty, but she had a clear understanding of the testamentary act itself." The testimony amounted at most to showing that with physical illness her mind had become somewhat more inert than it had been, and somewhat more susceptible to suggestions and influence, but did not show failure of her mental faculties. There was the usual neighborhood gossip and tattle that she was not competent to transact business, worthless in itself and contradicted in this case by the fact that she did attend personally to nearly all of her important business matters, so far as to keep informed and give orders about them.

The evidence fully sustains the judge's conclusion that her testamentary capacity was not impaired. And where that is the case, undue influence cannot be established by anything short of clear, direct and convincing evidence that testator's own mind was controlled and dominated by another's.

The will was written by a justice of the peace who knew the testatrix, was taken by him to her, approved by her and, after some discussion about witnesses (the squire's wife not having come as the testatrix had requested) a friend was summoned and the will executed in their presence. Where the circumstances of the making of the will are thus shown a strong presumption arises in its favor. Against this presumption are the facts that the justice copied the will from a form in the handwriting of the beneficiary and that she was present in the room when the will was executed and told the testatrix who was palsied to take her time and write carefully. The form, however, was explained by showing that it was an exact copy except as to names, etc., of the will of testatrix's former husband from whom she had derived her property, and which she kept by her among her important papers. Thus explained there was little weight in the fact that the copy was in the beneficiary's handwriting.

Apart from this there was little in the case except the opinions of some of the relatives and friends that the beneficiary was of a domineering disposition, controlled the testatrix, interfered with her affairs, kept other relatives away etc. On the other hand, it appeared without contradiction that the beneficiary was a niece of the testatrix, daughter of a favorite

610 SOUTH SIDE TRUST CO. v. McGREW, Appellant.

sister of the whole blood; that she was invited to live with testatrix, and after her mother's death was intrusted with household duties and took care of her aunt from that time. And, finally, the testatrix lived for two years and a half after the making of the will, showed it to at least one friend and told why she had made it, and had abundant opportunity to have destroyed or changed it if she had desired.

The learned judge below after a careful review of the whole testimony felt constrained to set aside the verdict, and our examination leads us to the same conclusion.

Judgment affirmed.